UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | Criminal No. CR-05-0302 (CKK) |
| : | |
| **MICHAEL STEIGER,** : | |
| : | |
| **Defendant.** : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to a term of probation of between one and five years and six months home detention.

**I.    BACKGROUND**

On September 26, 2005, defendant Michael Steiger pled guilty to a one-count felony information that charged him with Interstate Transportation of Stolen Property, 18 U.S.C. §2314. During his plea colloquy, the defendant admitted that at times material to his offense he was employed as accountant/controller of Management Sciences for Development, Inc. (MSD) From on or about September 21, 2000 through on or about February 21, 2002, defendant stole approximately $58,337.77 from the MSD operational expenses bank account at FCNB Bank by causing checks from this account to be issued payable to himself.   He then transported these checks from MSD's offices in the District of Columbia to the State of Virginia, where he deposited them in his personal bank account.

**II.     SENTENCING CALCULATION**

    A     Statutory Maximum

The defendant pled guilty to one count of Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314. The maximum sentence for this offense is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

    B.     Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates the defendant's total offense level at 10. See PSR ¶ 26. This includes the base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(2) and a six-level enhancement for "loss" of more than $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(D). Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility which yields a total offense level of 10. The PSR also has calculated correctly the defendant's criminal history as Category I. See PSR ¶¶ 30. Therefore, the guideline range for defendant is correctly calculated in the PSR as 6-12 months. See PSR ¶ 68. The defendant has already made

restitution to the victim. In light of this and the defendant's pre-indictment guilty plea, the government respectfully recommends that the Court sentence the defendant to a term of probation of between one and five years, including a condition of six months home detention.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> UNITED STATES ATTORNEY
>
> _____
> JOHN D. GRIFFITH
> Assistant United States Attorney
> Fraud & Public Corruption Section
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 353-2453