**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 05-302 (CKK)** |
| | ) | |
| **MICHAEL STEIGER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT MICHAEL STEIGER'S EMERGENCY MOTION TO PERMIT
DEFENDANT TO TRAVEL BRIEFLY FOR JOB INTERVIEW**

Defendant, Michael Steiger, through undersigned counsel, respectfully submits this motion to permit Mr. Steiger to travel to Houston, Texas on August 27-28, 2006 in order to interview for a new job.

As grounds for this motion, defense counsel submits:

1.      On August 10, 2005, an Information was filed charging Mr. Steiger with one count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.  Mr. Steiger subsequently plead guilty to the offense.  On January 17, 2006, Mr. Steiger was sentenced to one year of probation, to include six months of home confinement with electronic monitoring.  Because the installation of electronic monitoring was delayed at defendant's request, Mr. Steiger is still at this time subject to electronic monitoring.

2.      Mr. Steiger lost his job on July 10, 2006 because he had to have major shoulder surgery--his rotator cuff was entirely torn--and his employer would not accommodate his therapy schedule.  He has been unemployed since that time, which is a very difficult situation given his wife's serious health problems, not to mention Mr. Steiger's own.  Mr. Steiger has been

interviewing for new positions in the Washington D.C. area.  One of the companies interested in

employing Mr. Steiger has its headquarters in Houston, Texas.  The job is a better paying one and

would be of great benefit to Mr. Steiger and his family.  The company requires that Mr. Steiger

travel to Houston, Texas for the final round interview.

3.     Mr. Steiger's itinerary would be to fly to Houston on August 27, 2006 and return

on August 28, 2006.  He would stay at the Holiday Inn Crowne Plaza in Houston on the night of

August 27, 2006.

4.     For airport security reasons, Mr. Steiger must have the electronic monitoring

device removed prior to his travel.  Counsel discussed this issue with USPO Barry Raymond, Mr.

Steiger's probation officer.  Mr. Steiger has verified all of the above information concerning Mr.

Steiger's travel arrangements.  Mr. Raymond does not oppose this Motion and is willing to detach

the EM device prior to Mr. Steiger's travel and then re-attach it upon his return.  Mr. Raymond's

contact number is 1-703-366-2133.

5.     Mr. Steiger has no objection to having the two days he is removed from electronic

monitoring under this request, or any further amount of days as the Court deems fit, added on to

the end of his 6 month electronic monitoring period.

6.     Undersigned counsel attempted to contact government counsel, AUSA John

Griffith, concerning the relief requested by this Motion.  I was not able to reach him.

WHEREFORE, Mr. Steiger respectfully requests that the Court enter the attached order

extending permitting him to travel to Houston, Texas on August 27-28, 2006 for a job interview.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500, ex. 134